UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUVE, LLC ) | |
| ) | |
| PLAINTIFF, ) | CIVIL ACTION |
| ) | |
| v. ) | No. _____ |
| ) | |
| TRIBORO QUILT MANUFACTURING ) | |
| CORPORATION, ) | |
| ) | |
| DEFENDANT. ) | |

COMPLAINT

Plaintiff Luve alleges as follows:

1. Luve is a Wisconsin Limited Liability Company with its principal place of business at N17 W36060 Woodland Hill Drive, Delafield, Wisconsin 53018. Luve's sole member is Amy L. Seckinger, a Wisconsin citizen.

2. Upon information and belief, Triboro is a corporation organized and existing under the laws of the State of New York having a principal place of business at 172 South Broadway, White Plains, New York 10605.

3. Jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1338 (a) and (b). Further this is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. subsection 101, *et seq.* ("the Copyright Act").

4. Venue is appropriate under 28 U.S.C. § 1391 in particular the infringing actions were conducted in whole or in part in various different Kohl's stores by Defendant Triboro within the Northern District of Texas, including the greater Dallas Metroplex area.

## Facts

5. Luve is a Wisconsin LLC that creates and designs products that assist in caring for babies. Luve created the Bath Luve. The Bath Luve is a wash-cloth-like article used to keep babies warm and comfortable while in the bath. The Bath Luve features child-friendly designs such as ducks, frogs and fish, and has distinctive, bright colors.

6. On or about August 30th, 2006, Luve entered into an Exclusive License Agreement ("Agreement") with Triboro. The Agreement granted Triboro a license to manufacture, sell, advertise, promote, and distribute the Bath Luve.

7. On or about April 19, 2010, counsel for Luve notified Triboro that the Agreement had expired, and in any event, Luve was terminating the Agreement because Triboro failed to: use commercially reasonable efforts to maximize sales; properly mark the products; send samples of products, packaging, and promotional material for review; provide marketing reports.

8. Luve paid for and commissioned photographs and created copy for the packaging of its patent pending product the bath Luve. Luve filed a copyright for the text and photographs used on its packaging of its Bath Luve, with the U.S. Copyright office on or about September 30, 2010 by and through its attorneys at Michael Best & Friedrich, LLP. (See, Exhibit "A"). As a result of the ELA and the confidential business relationship created by it, Triboro was made aware of and given access to Luve's copyrighted text and photographs related to the marketing and packaging of its patent pending product the Bath Luve.

9. On or about March 23, 2012, Defendant Triboro without Luve's permission or knowledge created its own version of Luve's patent pending product the Bath Luve and named it a Bath Cozy under its own private label brand Just Born.

10. Triboro used Luve's copyrighted text and photographs from Luve's packaging on its Bath Luve for Triboro's Just Born Bath Cozy to market and sell to the general public by and through among other retailers Kohl's department stores. (See Exhibit "B" Photographs of Luve's copy and photos and Just Born's packaging using the same).

11. The use of Luve's copyrighted text and photographs of its own branded product to sell Triboro's Just Born branded version of the "Bath Cozy" knock off has caused damages to Plaintiff and it was willful and knowing.

12. Triboro was fully aware that it had no right to knock off the Bath Luve and put it in its own brand. In fact upon information and belief Triboro's intention all along was to build up its own brand and not Luve's because Triboro was concerned it would never have equity in Luve's branded products. The actions of using Luve's copyrighted photographs and packaging text was intentional and part of an overall scheme to take Plaintiff's products, packaging, ideas, designs, and photographs and use them for the profit of Defendant.

13. On information and belief, Triboro has made substantial profit off the use of Plaintiff's copyrighted photographs and packaging text potentially earning Defendant in excess of a million dollars.

## COUNT 1
## COPYRIGHT INFRINGEMENT

14. Plaintiff re-alleges paragraphs 1-13 above and incorporates those allegations as its paragraphs 1-13 of this Count 1.

15. Plaintiff is the owner of the copyright in the photographs and text for the packaging used with its patent pending product the Bath Luve. Plaintiff is entitled and authorized to protect is composition against copyright infringement, including the enforcement of copyright claims.

16. On or after March of 2012 Defendants have infringed, and are continuing to infringe upon Plaintiffs copyright in the photographs and text used in its packaging and marketing of its patent pending product the Bath Luve, including by copying, preparing derivative work, reproducing, causing, contributing to, an participating in the unauthorized copying, preparing a derivative work, reproduction, use of the photographs and text in the marketing and sales of its Just Born knock off "The Bath Cozy" by and through various Kohl's retail outlets in the Northern District of Texas. Defendant cause the infringing products and packaging to be publicly distributed in retail stores, on the internet, and print ads.

17. Plaintiff did not authorize Defendants to copy, reproduce, or use any portion of the copyrighted text or photographs in any fashion.

18. Defendant did not seek or obtain any permission, consent or license from Plaintiff for copying, reproduction, performance or use of the copyrighted photographs and text in connection with the sale of its own branded knock off. In fact, Defendant

Case 3:14-cv-04375-B Document 1 Filed 12/14/14 Page 5 of 6 PageID 5

intentionally withheld that information even though it was required by the parties agreement in association with the manufacture, marketing and sale of the patent pending product to provide samples of each and every product and packaging it was going to use to sell any version of the patent pending product.

19. Defendant has infringed on Plaintiff's exclusive rights by:

(a). Reproducing Plaintiffs copyrighted photographs and text in connection with the sale of its own knock off version of Luve's patent pending product in violation of 17 U.S.C. 106.

(b). Distributing copies of Luve's copyrighted text and photographs in connection with the sale of its own Just Born branded knock off version of Luve's patent pending product to the public for sale or transfer of same in violation of 17 U.S.C. 106 *et seq*.

20. Defendant failed to attribute authorship and ownership and intellectual property rights to the text and photographs to Plaintiff.

21. Defendant's acts of infringement were done, and now continue to be done with knowledge that such actions constitute infringement of Plaintiff's exclusive rights and are therefore willful. At a minimum, Defendant acted in reckless disregard of Plaintiff's copyright.

22. Plaintiff is entitled to recover statutory damages as Defendant's infringing conduct was willful and was done after Plaintiff had filed its Copyright with the U.S. Copyright Office. Defendant is liable to Plaintiff for statutory damages for each act of

infringement. Defendant is liable to Plaintiff for willful copyright infringement under 17 U.S.C. subsection 501. Plaintiff suffered, and will continue to suffer, substantial damage to its reputation and goodwill, as well as losses in an amount no yet to be ascertained, but in excess of $75,000.00. In addition to Plaintiffs actual damages, Plaintiff is entitled to recover attorney's fees and expenses in prosecuting this lawsuit pursuant to 17 U.S.C. subsection 505 as well as to receive the profits made by Defendant form their wrongful acts, pursuant to 17 U.S.C. subsection 504.

WHEREFORE, Luve requests the following relief:

A.  Damages in an amount to be determined at trial;

B.  Costs, including reasonable attorneys' fees;

C.  An order enjoining Defendant and anyone acting in concert and participation with Defendant from permanently infringing on Plaintiff's copyrights pursuant to 17 U.S.C. 502, and

D.  Any such further relief the Court deems just and necessary.

Dated: December 14, 2014

**LUVE HEREBY DEMANDS A JURY OF TWELVE PERSONS ON PLAINTIFF'S CLAIMS.**

                **Respectfully submitted,**

                **/s/ David A. Schiller**
                David A. Schiller
                Texas Bar No. 00794601
                Illinois Registration No. 6316226
                The Schiller Law Group, PLLC
                3315 Silverstone Drive, Suite B
                Plano, TX 75023
                davids@schillerlaw.com
                Telephone: 469 467 9200
                Fax: 469 497 9600
            ATTORNEYS FOR PLAINTIFF LUVE, LLC